**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: PHYLLIS A. CONLEY,** | **Case No. 16-56144** |
| **Debtor.** | **Chapter 13** |
| | **JUDGE C. KATHRYN PRESTON** |

**OBJECTION OF HAI DUONG AND CHI HO TO**
**CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN (#23)**
**AND AMENDED CHAPTER 13 PLAN (#38)**
**AND REJECTION OF CHAPTER 13 PLAN AND AMENDED PLAN**

Secured creditors, Hai V. Duong and Chi Ho (jointly referred to herein as "Doung"), respectfully object to the Chapter 13 Plan (#23) filed September 30, 2016 (the "Plan") and the Amended Chapter 13 Plan (#38) filed November 7, 2016 (the "Amended Plan") by debtor, Phyllis A. Conley, aka Phyllis A. Loveday ("Debtor").

**I.     Statement of Facts**

Debtor is the owner of the following significant assets: **(1)** real estate located at 169 Upper River Road, Gallipolis, Ohio, upon which a Dairy Queen restaurant is located and operated; and **(2)** WPL, Inc., the owner and operator of the Dairy Queen restaurant.  On February 24, 2014, Debtor filed her previous Chapter 13 bankruptcy (Case No. 14-51032). Because she did not have the necessary cash flow to operate the Dairy Queen and finance payments to the Trustee to fund her plan, she contacted Duong for financial assistance.  In exchange for that financial assistance, Duong was willing to purchase the Dairy Queen restaurant and the real estate upon which it stood.  Debtor agreed to do that.  Therefore, Duong had

prepared an Agreement outlining the financing that would be provided and the transfer of the restaurant and land to Duong. The Agreement was sent to Debtor's counsel, Christopher Gallutia, who approved of its terms.

On April 22, 2014, the Debtor and Duong entered into the Agreement that would ultimately transfer her ownership interest in WPL, Inc. and the real estate to Duong. In furtherance of that Agreement and in order to further induce Duong to finance the business operations of the Dairy Queen, Debtor executed two stock certificates transferring ownership interest in WPL, Inc. to Duong.

Duong immediately began to do the following:

1. Purchase equipment for the Dairy Queen; and

2. Make direct payments to CAN Capital (a creditor of the Debtor) in order to pay off her debt. Payments of $800 per week were directly withdrawn from Duong's account until the debt with CAN Capital was satisfied. Debtor was clearly aware of these payments because on March 18, 2015, Debtor objected to the claim of CAN Capital (Doc. #63) on the basis that the debt was paid outside of the plan. Duong paid $32,000 on behalf of Debtor to satisfy this claim; and

3. Providing cash capital to the Dairy Queen.

Duong's purchase of equipment and cash contributions continued until mid-2015, when Debtor informed Duong that she did not intend to comply with the Agreement.

    A.    **Proceedings in the First Bankruptcy Case**

Debtor filed her first Chapter 13 petition on February 24, 2014 initiating Case No. 14-51032. Once Duong became aware that Debtor had not informed the Court of her contract with Duong nor of the financing that was being provided, Duong filed a motion to approve the agreement with Debtor (#83). On February 17, 2016, the Court held a pretrial conference with counsel for the parties and became concerned with the conduct of Debtor. As a result, the Court

issued an *Order Requiring Debtor to Appear and Show Cause Why This Case Should Not Be Dismissed for Violation of Bankruptcy Code and Rules* (#121). On April 6, 2016, the Court held the show cause hearing and based upon the egregious conduct of the Debtor, the Court found that cause existed for dismissing the bankruptcy (#134). The Court stated:

> In short, the Court finds that Debtor entered into a sale agreement for sale of property of the estate without Court authority in violation of 11 U.S.C. § 363 and related Bankruptcy Rules, and borrowed funds without authority of Court in violation of 11 U.S.C. § 364 and related Bankruptcy Rules, and that there was no reasonable or plausible justification articulated by Debtor for her actions.

[#134, pg. 2.]

## II.    Objection To The Plan

### A.    Debtor Has Failed To Provide the Trustee And Creditor With Financial Information Regarding WPL, Inc.

As noted, Debtor has been less than truthful regarding her assets. In the first bankruptcy, Debtor listed in her Original Petition that she owned 100% of WPL, Inc. dba Gallipolis Dairy Queen including equipment, and identified the value as $550,000. [#1, Schedule B, Line 13.] In response to a motion filed in the first bankruptcy, Debtor unequivocally stated the following:

> **WPL, Inc. owns and operates the Dairy Queen franchise located in Gallipolis, Ohio.**

[#125, pg. 2.]

As the Trustee noted in his objection, Debtor, in this case, listed her interest in WPL, Inc., but stated that the value was unknown. [#20, Schedule B.] During the 341 Meeting of Creditors, debtor was asked about this issue. In order to address the concerns of the Trustee and Creditor Duong, the Debtor agreed to provide WPL's financial statements and tax returns for the last five

(5) years. Thus far, she has failed to provide that documentation. Then on November 21, 2016, in her Amended Schedule B, she lists the value of WPL, Inc. stock as $0. [#41, Amended Schedule A/B.]

Because of Debtor's track record, the Court and Duong are entitled to know about WPL, Inc., its assets, its income and its value. Duong is listed as a secured creditor and is a secured creditor in the land and the restaurant. This could be a significant asset of the estate and in addition, if WPL, Inc. is the owner of the restaurant, it would affect the ability to sell the restaurant to fund the plan and Duong's proceeds from said sale under the plan as a secured party.

### B. Debtor Has Failed To Note the True Value of Duong's Claim

Duong will be submitting a Proof of Claim in accordance with the Court's requirement. However, Debtor's continued understatement of that claim on Schedule D is disingenuous. Debtor initially listed the claim as $10. [#20, Schedule D.] Debtor now has increased the claim to $90,000. [#42, Amended Schedule D.] Again, as noted by the Trustee in his objection, "[p]er pleadings filed in Debtor's previous case, it appears to the Trustee that Mr. Duong paid Debtor the sum of $184,797.28." [#39, Trustee's Objection to Confirmation.] Debtor is also aware that in the state court action stayed by this second bankruptcy filing, Duong's claim is $176,616.74 plus interest. Accordingly, the Plan should not be confirmed as a result of Debtor's failure to properly acknowledge the value of Duong's claim.

### III. Conclusion

For all of the foregoing reasons, secured creditors, Hai V. Duong and Chi Ho, respectfully object to confirmation of the Debtor's Chapter 13 Plan (#23) and the Amended

4

Chapter 13 Plan (#38) because the Plans fail to comply with the requirements of §§ 1322 and 1325(a)(3) and (5) of the Bankruptcy Code.

                          Respectfully submitted,

                          /s/ Douglas J. Segerman
                          Douglas J. Segerman  (0064779)
                          **ANSPACH MEEKS ELLENBERGER, LLP**
                          175 South Third Street, Suite 285
                          Columbus, Ohio 43215
                          Telephone: (614) 745-8350
                          Fax: (614) 824-1624
                          Email: dsegerman@anspachlaw.com
                          Attorney for Hai Duong and Chi Ho
                          Secured Creditors

## **REJECTION OF CHAPTER 13 PLANS**

Pursuant to Bankruptcy Rule 3018, Hai V. Duong and Chi Ho, secured creditors of the above-named Debtor in the unpaid principal amount of $176,616.74,

                _____ Accept

                ____X____ Reject

the Chapter 13 Plan (#23) and the Amended Chapter 13 Plan (#38) filed by Debtor, Phyllis A. Conley ("Debtor").

                          /s/ Douglas J. Segerman
                          Douglas J. Segerman  (0064779)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 27, 2016, the foregoing *Objection of Hai Duong and Chi Ho to Debtor's Chapter 13 Plan (#23) and Amended Chapter 13 Plan (#38)* was served on the following registered ECF participants, electronically through the court's **ECF System** at the email address registered with the court:

Asst US Trustee (Col)
ustpregion09.cb.ecf@usdoj.gov

Christopher Gallutia on behalf of Debtor Phyllis Ann Conley
gallutialaw@yahoo.com

Frank M Pees
trustee@ch13.org

Benjamin M Rodriguez on behalf of Creditor WesBanco Bank, Inc.
brodriguez@fp-legal.com, kmorales@fp-legal.com


and on the following by **ordinary U.S. Mail** addressed to:

Phyllis Ann Loveday, Debtor
446 Shaffer School Road
Oak Hill, OH 45656

              /s/ Douglas J. Segerman
              Douglas J. Segerman  (0064779)